UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Zachary MARNER, | Case No.: 24-cv-1486-AGS-BJC |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS (ECF 2) AND SCREENING AND DISMISSING COMPLAINT (ECF 1)** |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

Plaintiff Zachary Marner's motion to proceed without paying the initial filing fee is granted. But his complaint does not state a claim for relief, so this case is dismissed with leave to amend.

**IFP Motion**

Typically, parties instituting a civil action in a United States district court must pay filing fees of $405.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Marner has checking accounts containing just over $2,100.00 total, $3,300 in cash, and assets worth $83,900. (ECF 2, at 2, 4.) But Marner claims $9,162 in monthly expenses compared to $3,814 in monthly income. (*Id.* at 2, 5.) So, plaintiff has sufficiently shown an inability to pay the initial fees. *See Blount v. Saul*, No. 21-cv-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP."); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) (granting IFP motion when plaintiff and his spouse earned about

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).

1

$1,250 per month with $2,350 in monthly expenses, no savings, and additional assets totaling $256,500).

## 28 U.S.C. § 1915(e) SCREENING

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it "fails to state a claim," 28 U.S.C. § 1915(e)(2)(B), judged by the same "Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim," *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Pro se pleadings are "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[2]

Marner brings three causes of action: (1) "deprivation of rights under color of law," 42 U.S.C. § 1983; (2) "violation of the Civil Rights Act of 1964," 42 U.S.C. § 2000d; and (3) "breach of contract." (ECF 1, at 2.) But under each cause of action, Marner asserts vague accusations that lack connection to any tangible facts. For example, under the § 1983 claim, Marner declares, without further elaboration, "tax returns withheld," "denial of valid insurance claims," and "loss of freedom." (*See* ECF 1, at 2.) And for the § 2000d claim, Marner says that "race, religion, appearance, . . . and sexual harassment are pressing issues," while listing unrelated crimes such as "domestic terrorism," "witness tampering," "grand larceny," and "racketeering." (*Id.*) The grounds for the breach of contract claim are likewise difficult to follow as Marner plainly asserts "Homeland Security was/is causing breach of contract by not allowing work for commissions" and that the agency "stole $17,200,000 from" the Internal Revenue Service and other government agencies. (*Id.* at 2.) Even liberally construing Marner's complaint, "[t]hese allegations are lacking in the factual

---

[2] Marner appears to assert claims on behalf of himself and others. (*See* ECF 1-1, at 1.) But because he "has no authority to appear as an attorney for others than himself," all allegations in the complaint that refer to "we" are construed as Marner's alone. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

specificity that would allow the Court to conclude that [Marner] has plausibly alleged a claim for relief." *See Marner v. Farmers Ins.*, No. 24-cv-1469-RSH-BLM, 2024 WL 4008766, at *2 (S.D. Cal. Aug. 30, 2024).

Attached to the complaint are about 40 pages of exhibits, most of them related to insurance claims and debts. (*See generally* ECF 1-2.) Marner's only explanation for these documents are hand-written notes and digressions scattered throughout that indicate "Homeland Security caused" an unspecified incident and "owes" money. (*See, e.g.*, ECF 1-2, at 19–21.) In sum, the complaint is nearly impossible to discern and is far from simple, concise, and direct, so dismissal is warranted. *See United States ex rel. Cafasso v. General Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (collecting cases upholding dismissals of pleadings that were "confusing," "distracting, ambiguous," "unintelligible," and "highly repetitious"). But the Court grants him an opportunity to amend his pleading because it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

## MOTION TO APPOINT COUNSEL

Marner requests that the Court "appoint counsel." (ECF 1, at 3.) For such an appointment, a civil plaintiff must show "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (cleaned up). "These considerations are not separate and distinct from the underlying claim[s], but are inextricably enmeshed with them." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Thus, because Marner "failed to state a cognizable civil rights claim, the court is unable to determine whether plaintiff's underlying claims have merit," and thus, "appointment of counsel is premature." *See Fuller v. Houston*, No. EDCV 21-00127 JGB (AS), 2022 WL 225671, at *2 (C.D. Cal. Jan. 25, 2022) (collecting cases).

## CONCLUSION

Marner's IFP motion is **GRANTED**, and his request for appointment of counsel is **DENIED** without prejudice. The complaint is **DISMISSED** with leave to amend. By December 27, 2024, Marner must file any amended complaint, remedying the identified deficiencies. If he fails to do so by that date, the Court may enter a final order dismissing this case, based both on his failure to state a claim and his failure to prosecute in compliance with a court order requiring amendment. "If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

Dated:  December 13, 2024

Andrew G. Schopler
United States District Judge